# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SHARON BRODIE, Surviving Spouse )
and Executor of the Estate of JOHN )
BRODIE, )
                                   )
           Plaintiff, )
                                   )
       v. )           No. 4:10-CV-138 HEA
                                   )
NOVARTIS PHARMACEUTICALS )
CORPORATION, )
                                   )
           Defendant. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Novartis Pharmaceuticals Corporation's ("NPC"), Motion for Summary Judgment [Doc. No. 71]. Plaintiff Sharon Brodie[1] opposes the Motion and has filed a written opposition thereto, to which Defendant has replied. For the reasons set forth below, the motion is denied.

## Facts and Background[2]

---

[1]This action was originally commenced by John Brodie. Subsequently, John Brodie passed away and his wife, Sharon Brodie, was substituted as the plaintiff on behalf of the estate.

[2]The facts of this case are generally well established. The Court takes judicial notice of the "FACTS" section laid out in the MDL's Order denying summary judgment. 2009 WL 2497661, 1 (M.D. Tenn.)

Plaintiff John Brodie suffered from prostate cancer that ultimately spread to his bones. John Brodie's oncologist, Dr. Paul Schultz, began treating Brodie in February 2005. At that time, Dr. Schultz prescribed Brodie the drug Zometa® and by November 2005, he had received ten monthly infusions of the drug. Mr. Brodie brought suit against NPC after he developed osteonecrosis of the jaw ("ONJ"), which was allegedly caused by the Zometa®. Plaintiff's complaint alleged multiple theories of recovery, including strict liability, negligence and breach of warranty. Each theory was based on NPC's alleged failure to adequately warn Dr. Schultz of the risk of ONJ.

On June 1, 2009, NPC filed a motion for summary judgment in the MDL, arguing in part that plaintiff could not demonstrate that any failure to warn of the risks of ONJ had caused harm to Mr. Brodie. The MDL court denied NPC's motion and concluded that genuine issues of material fact existed on the issue of proximate cause.

NPC now brings this motion for summary judgment alleging following:

1.      Plaintiff cannot present evidence that an enhanced warning about ONJ would have altered Dr. Schultz's decision to prescribe Zometa® for Mr. Brodie.

2.      The "Law of the Case" Doctrine does not preclude this Court from

taking a fresh look at the issue of proximate cause upon NPC's

motion for summary judgment.

## Discussion

It is clear to the Court that Defendant NPC has simply renewed part of the

summary judgment motion it submitted to the MDL court.  In both summary

judgment motions the crux of NPC's argument is that Plaintiff could not

demonstrate that any failure to warn of the risks of ONJ had caused harm to Mr.

Brodie.  Because the MDL already addressed the issue raised by NPC, and

because NPC has failed to identify under which rule it's proceeding, the Court

will–in the interest of judicial economy–treat NPC's present motion for summary

judgment as a motion for reconsideration under Rule 60(b) of the Federal Rules of

Civil Procedure.

Pursuant to Rule 60(b), a court is permitted to review a prior order and

provide a party with relief from the order; however, only under specified

circumstances:

On motion and just terms, the court may relieve a party or its legal representative
from a final judgment, order, or proceeding for the following reasons: (1) mistake,
inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that,
with reasonable diligence, could not have been discovered in time to move for a
new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or

extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Rule 60(b) authorizes relief in only the most exceptional of cases."  Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002).

NPC has failed to satisfy any of the grounds for reconsideration outlined in Rule 60(b).  NPC alleges that the MDL misapplied Missouri law in denying summary judgment.  Rule 60(b)(1) provides relief in the event of judicial mistake, inadvertence, surprise or inexcusable neglect; nevertheless, judicial error is not one of the instances covered by this subsection, nor is relief warranted under any other subsection of Rule 60(b).

NPC urges the Court to "revisit" this issue "in the interests of justice and judicial economy...;[Doc.  No.  72, at 1]" however, to revisit the issues that the MDL already sufficiently analyzed would be contrary to NPC's alleged objective. In the interest of judicial economy and ensuring respect of its decisions, the Court is hesitant to ignore values that would be undermined if it were to routinely reconsider interlocutory orders.[3]  Pursuant to Missouri case law, the Court will

---

[3]The denial of a summary judgment is considered an interlocutory order. *Gander Mountain Co.  v.  Cabela's, Inc.,* 540 F.3d 827, 830 (8th Cir.  2008).

reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error. *Discount Tobacco Warehouse, Inc.v. Briggs Tobacco and Specialty Co., Inc.,* 2010 WL 3522476, at 2 (W.D.Mo., 2010).

With respect to the first element, the Court finds that NPC had ample opportunity to argue this matter previously. NPC has failed to demonstrate that it was denied the opportunity to fairly argue whether plaintiff was able to establish that any failure to warn of the risks of ONJ had caused harm to Mr. Brodie. They presented this exact issue to the MDL, which sufficiently analyzed NPC's argument and concluded that genuine issues of material fact existed on the issue of proximate cause.

With respect to the second element, the Court finds that granting NPC's motion will not remedy any errors, much less a significant error. The Court has carefully reviewed the MDL's order and finds no error; therefore, NPC have not met its burden here. The Court declines to extend it another opportunity to argue this matter.

**Conclusion**

Based on the foregoing analysis, the Court finds that Defendant NPC's

Motion for Summary Judgment [Doc. No. 71] shall be treated by the Court as a

Motion for Reconsideration. As such, the Court declines to extend Defendant

NPC another opportunity to argue this matter, as NPC has already had the

opportunity to argue this matter to the MDL.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant NPC's Motion for Summary

Judgment [Doc. No. 71] is **DENIED.**

Dated this 25th day of April, 2011.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE